UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JENNIFER MARGARET SHAFFER,

                Plaintiff,

v.

NANCY A. BERRYHILL,[1] ACTING COMMISSIONER
OF SOCIAL SECURITY,

                Defendant.

Case # 16-CV-874-FPG

DECISION AND ORDER

**INTRODUCTION**

Jennifer Margaret Shaffer ("Shaffer" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 10. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

**BACKGROUND**

On January 10, 2013, Shaffer applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 139-46. She alleged disability since August 11, 2012 due to

---

[1]     Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2]     References to "Tr." are to the administrative record in this matter.

1

posttraumatic stress disorder ("PTSD"), panic and anxiety attacks, and bipolar disorder. Tr. 174. On September 17, 2014, Shaffer and a vocational expert ("VE") appeared and testified at a hearing before Administrative Law Judge Stanley A. Moskal, Jr. ("the ALJ"). Tr. 39-62. On February 27, 2015, the ALJ issued a decision finding that Shaffer was not disabled within the meaning of the Act. Tr. 25-33. On September 6, 2016, the Appeals Council denied Shaffer's request for review. Tr. 1-7. Thereafter, Shaffer commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative

substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**DISCUSSION**

**I.    The ALJ's Decision**

The ALJ's decision analyzed Shaffer's claim for benefits under the process described above. At step one, the ALJ found that Shaffer had not engaged in substantial gainful activity since the alleged onset date. Tr. 27. At step two, the ALJ found that Shaffer has the following severe impairments: PTSD, depression, and anxiety. Tr. 27-28. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 28-29.

Next, the ALJ determined that Shaffer retains the RFC to perform a full range of work at all exertional levels but with nonexertional limitations. Tr. 29-31. Specifically, the ALJ found that Shaffer can frequently, but not constantly, perform complex tasks; can perform simple tasks, maintain attention and concentration for two-hour segments, and interact and relate with others; and can perform a broad range of daily activities including caring for her hygiene, cooking, cleaning, laundering, and managing money. Tr. 29.

At step four, the ALJ relied on the VE's testimony and found that Shaffer can perform her past relevant work as a cashier and food service worker. Tr. 31-32. The ALJ went on to make a step five finding and determined that Shaffer could adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 32-33. Specifically, the VE testified that Shaffer could work as a routing clerk and counter supply worker. *Id.* Accordingly, the ALJ concluded that Shaffer was not "disabled" under the Act. Tr. 33.

4

**II.     Analysis**

Shaffer argues that remand is required because the ALJ failed to properly develop the administrative record. ECF No. 9-1 at 11-15; ECF No. 11. Specifically, Shaffer asserts that the record lacks mental health treatment notes from Spectrum Human Services. *Id.* The Court agrees.

The ALJ has an affirmative duty to develop the administrative record due to the "essentially non-adversarial nature of a benefits proceeding." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). Specifically, the ALJ must develop a claimant's "complete medical history" for at least the 12 months preceding the month in which the claimant filed her application unless it is necessary to develop an earlier period. 20 C.F.R. §§ 404.1512(b), 416.912(b). The ALJ must "make every reasonable effort" to help the claimant get reports from her medical sources. *Id.*

In the mental health context, the SSA promises to "make every reasonable effort to obtain all relevant and available medical evidence about [the claimant]'s mental impairment(s), including its history, and any records of mental status examination, psychological testing, and hospitalizations and treatment." *See* Listings § 12.00(D)(1)(a). When assessing a mental health impairment, the SSA recognizes the "[n]eed for longitudinal evidence" and that "it is vital to obtain evidence from relevant sources over a sufficiently long period prior to the date of adjudication to establish [the claimant's] impairment severity." *Id.* at § 12.00(D)(2).

Remand is warranted if the ALJ fails to fulfill his duty to develop the record. *Pratts*, 94 F.3d at 39. On the other hand, where there are no "obvious gaps" in the record and a "complete medical history" exists, the ALJ is not obligated to seek additional evidence. *Rosa*, 168 F.3d at 79 n.5.

Here, the ALJ noted that Shaffer received psychiatric care at Spectrum Human Services. Tr. 30. In discussing the evidence from Spectrum, however, the ALJ expressly acknowledged that

5

evidence was missing from the record. *Id.* ("It bears noting that the record contains gaps with respect to [Shaffer]'s mental health treatment."). Instead of fulfilling his affirmative duty to develop Shaffer's complete medical history, the ALJ used the missing evidence to discount a favorable medical opinion.

Specifically, the ALJ afforded only "little weight" to the opinion of nurse practitioner Gerry Turk who treated Shaffer at Spectrum. Tr. 31. NP Turk completed two mental RFC questionnaires (Tr. 338-42, 463-68) wherein he opined that Shaffer is "seriously limited"[3] in her ability to maintain attention for a two-hour segment; sustain an ordinary routine without special supervision; get along with coworkers or peers without unduly distracting them or exhibiting behavioral extremes; understand and remember detailed instructions; and deal with the stress of semiskilled and skilled work. Tr. 340, 465-66. NP Turk also opined that Shaffer is "unable to meet competitive standards"[4] in completing a normal workday and workweek without interruptions from psychologically based symptoms and dealing with normal work stress. Tr. 340, 465. NP Turk explained that Shaffer "has panic attacks [that] require her to escape triggering situations and people. She has tried to work and has been debilitated by panic." *Id.* He noted that her flashbacks and panic attacks "may preclude her from regular work attendance[,] may hinder work pace[,] and may be aggravated by work stress." Tr. 341. NP Turk opined that Shaffer would be absent from work four or more days per month due to her impairments or treatment.[5] Tr. 342, 467.

---

[3] An individual's ability to perform a work-related function is "seriously limited" when her performance in that area would frequently be less than satisfactory in any work setting. Tr. 465.
[4] An individual is "unable to meet competitive standards" for a specific work-related function when she cannot satisfactorily perform that function independently, appropriately, effectively, or on a sustained basis in a regular work setting. Tr. 465.
[5] If credited, this limitation renders Shaffer disabled because VE testimony established that an individual is unemployable if she is absent from work more than four days per month. Tr. 60-61.

The ALJ discounted NP Turk's opinion in part because it "is not adequately supported by prior or contemporaneous psychiatric treatment notes." Tr. 31. In other words, the ALJ used a gap in the record to Shaffer's detriment. *See, e.g.*, *Tillack v. Colvin*, No. 15-CV-6306, ECF No. 16 at 6 (W.D.N.Y. Oct. 11, 2016) (noting that the ALJ "used a gap in the record to Plaintiff's detriment" when he acknowledged that the record lacked specific evidence and then discounted an opinion that plaintiff was disabled based on "the lack of supporting evidence"). The ALJ also discounted NP Turk's opinion because "the totality of evidence indicates that [Shaffer]'s psychiatric limitations are of a mild to moderate nature."[6] Tr. 31. It is unclear to the Court how the ALJ could determine that NP Turk's opinion was inconsistent with the "totality of the evidence" when he specifically acknowledged that all of the evidence was not before him.

The Commissioner asserts that Shaffer's counsel should have supplied the ALJ with the missing records. ECF No. 10-1 at 15-20. It is well established that the ALJ's affirmative duty to develop the record exists even when the claimant is represented by counsel. *Pratts*, 94 F.3d at 37. Where there is a gap in the record, however, district courts in this circuit have reached conflicting conclusions as to whether the ALJ satisfies that duty by relying on the claimant's counsel to obtain the missing evidence. *See Sotososa v. Colvin*, No. 15-CV-854-FPG, 2016 WL 6517788, at *4 (W.D.N.Y. Nov. 3, 2016) (collecting cases). Here, there is no evidence that the ALJ requested additional information from Shaffer's attorney or left the record open for the submission of additional evidence. In fact, at the end of Shaffer's hearing the ALJ specifically stated that he would "close the record." Tr. 61.

---

[6] The ALJ further discounted NP Turk's opinion based on its "excessive reliance on [Shaffer]'s subjective allegations," however, reliance on a patient's subjective complaints is "not a valid reason" to reject a medical opinion. *See, e.g.*, *Green-Younger v. Barnhart*, 335 F.3d 99, 107 (2d Cir. 2003) (holding that a reliance on the plaintiff's subjective complaints "hardly undermines" an opinion as to her functional limitations because "a patient's report of complaints, or history, is an essential diagnostic tool") (citation omitted).

Accordingly, for the reasons stated above and in light of the ALJ's broad duty to develop the record, the Court finds that remand is required. *See, e.g.*, *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 305 (2d Cir. 2011) ("The duty of the ALJ, unlike that of a judge at trial, is to investigate and develop the facts and develop the arguments both for and against the granting of benefits."). Where, as here, "there are gaps in the administrative record, remand to the Commissioner for further development of the evidence is in order." *Glast v. Astrue*, No. 11-CV-5814 SLT, 2013 WL 5532696, at *10 (E.D.N.Y. Sept. 30, 2013) (citation omitted). Because Shaffer filed her application nearly five years ago, the Court directs the Commissioner to expedite the remand and review of her case.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: December 7, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court