UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JENNIFER MARGARET SHAFFER,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case # 16-CV-874-FPG

DECISION AND ORDER

## INTRODUCTION

On December 7, 2017, the Court granted Plaintiff's Motion for Judgment on the Pleadings and remanded this case to the Commissioner of Social Security for further proceedings after finding that the Administrative Law Judge ("ALJ") did not adequately develop the record. ECF No. 12. On December 8, 2017, the Clerk of Court entered judgment in Plaintiff's favor. ECF No. 13.

On March 8, 2018, Plaintiff moved for $6,745.76 in attorney fees for 33.9 hours of work pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). ECF No. 14. The Commissioner argues that the Court should deny Plaintiff's motion because its position was substantially justified and special circumstances make a fee award unjust. ECF No. 16. Plaintiff also requests an additional $1,392.93 for the time spent replying to the Commissioner's opposition papers. ECF No. 17 at 9. For the reasons that follow, Plaintiff's motion (ECF No. 14) is GRANTED.

## DISCUSSION

Pursuant to the EAJA, a prevailing party in a Social Security benefits case may be awarded fees payable by the United States "unless the court finds that the position of the United States was

substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412(d)(2)(A).

It is undisputed that Plaintiff was the prevailing party, but the Commissioner argues that fees should not be awarded because its position was substantially justified and special circumstances make a fee award unjust.

### A. Substantial Justification

Under the EAJA, the "position of the United States" means the agency action underlying the civil action in which fees are sought and the government's litigation position in that civil action. 28 U.S.C. § 2412(d)(2)(D). Thus, "if either the [Commissioner's] decision… to deny plaintiff's application or the government's litigation stance was not substantially justified," the plaintiff may recover attorney fees. *Hill v. Comm'r of Soc. Sec.*, No. 14CV09665GBDBCM, 2017 WL 5632813, at *4 (S.D.N.Y. July 28, 2017), *report and recommendation adopted*, 2017 WL 5634679 (Nov. 21, 2017) (citation omitted).

"The test for determining whether the government's position is substantially justified is essentially one of reasonableness." *Id.* (quoting *Envtl. Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir. 1983)). "The government's position must have been . . . justified to a degree that could satisfy a reasonable person." *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). It is the government's burden to establish that its position was reasonable in law and fact, and "a strong showing must be made to meet that burden." *Id.* (citations omitted).

Here, as mentioned above, the Court remanded this case because the ALJ failed to develop the administrative record. Specifically, Plaintiff indicated that she received psychiatric care at

2

Spectrum Services. ECF No. 12 at 5. In discussing the evidence from Spectrum, the ALJ expressly acknowledged that records were missing—the ALJ wrote that "the record contains gaps with respect to [Plaintiff]'s mental health treatment." *Id.* at 5-6 (citing Tr.[1] 30). Instead of attempting to obtain this missing evidence and therefore fulfill his duty to develop a complete record, the ALJ used the missing evidence to discount a favorable medical opinion from nurse practitioner Gerry Turk. *Id.* at 6.

The ALJ discounted NP Turk's opinion in part because it was "not adequately supported by prior or contemporaneous psychiatric treatment notes," thus using the gap in the record to Plaintiff's detriment. *Id.* at 7 (citing Tr. 31). The ALJ also discounted the opinion because "the totality of the evidence indicates that [Plaintiff]'s psychiatric limitations are of a mild to moderate nature." *Id.* The Court noted that it was unclear how the ALJ could find NP Turk's opinion inconsistent with the "totality of the evidence" when he specifically acknowledged that all of the evidence was not before him. ECF No. 12 at 7. The Court rejected the Commissioner's argument that Plaintiff's counsel should have supplied the ALJ with the missing records. *Id.* The Court concluded that remand for further proceedings was appropriate in light of the obvious gap in the administrative record. *Id.* at 8.

The Commissioner now argues that Plaintiff's counsel should be denied a fee award because its position to issue a decision without seeking additional evidence had a reasonable basis in law and fact. ECF No. 16 at 3-10. The Commissioner asserts that its position was legally reasonable because "the applicable legal standards leave broad discretion to an ALJ on record development." *Id.* at 5. It asserts that its position was factually reasonable because "all the evidence in the record, including voluminous records from the same source, indicated that

---

[1] "Tr." refers to the administrative record in this case. ECF No. 7.

additional evidence would not yield any materially different information regarding Plaintiff's condition, and because Plaintiff's conduct through experienced counsel signaled in every way that all available and material evidence was submitted." *Id.*

"In an EAJA fee motion, the fact that the ALJ failed to develop the record is not an issue for the Court to address." *Walker v. Astrue*, No. 5:04-CV-891(NAM/GJD), 2008 WL 4693354, at *3 (N.D.N.Y. Oct. 23, 2008) (citation omitted). "Rather, the Court must determine whether a reasonable person could have regarded the record as an adequate one on which to base a decision." *Id.* (citation omitted).

The ALJ's duty to develop the record is not absolute—he does not have to seek additional evidence where there are no "obvious gaps" and a "complete medical history" exists. *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999). But here there *was* an obvious gap in the record— one that the ALJ explicitly identified—and therefore a reasonable person could not have regarded the record as an adequate one on which to base a decision. In light of this gap, and contrary to the Commissioner's assertions, the record evidence before the ALJ indicated that additional evidence might lead to a different result and that the ALJ did not believe that all evidence was before him. Had the ALJ obtained the missing records from Spectrum, it is possible that he would have afforded more weight to NP Turk's opinion, which was favorable to Plaintiff.[2]

Accordingly, the Court finds that the government's position was not substantially justified. *See, e.g.*, *Maxey v. Chater*, No. 93-CV-606 (RSP/GJD), 1996 WL 492906, at *4 (N.D.N.Y. Aug. 28, 1996) ("In light of the obvious need for additional information," the court found that "the ALJ acted unreasonably by failing to further develop the record"—even though the plaintiff had

---

[2] NP Turk opined, among other things, that Plaintiff would miss work four or more days per month due to her impairments or treatment, which would render her disabled if credited. ECF No. 12 at 6 & n.5 (citing Tr. 60-61, 342, 467).

4

counsel—and concluded that the Commissioner's position was not substantially justified.); *Walker v. Astrue*, No. 5:04-CV-891 (NAM/GJD), 2008 WL 4693354, at *3 (N.D.N.Y. Oct. 23, 2008) (finding that "a reasonable person could not have regarded the record as complete" and, "[t]herefore, defendant's position of defending the ALJ's actions was not substantially justified");

### B. Special Circumstances

In "rare situations," equitable considerations may make an EAJA fee award unjust. *Mills v. Colvin*, No. 5:11-CV-955 GLS, 2013 WL 1499606, at *3 (N.D.N.Y. Apr. 11, 2013). "The EAJA's 'special circumstances' exception is a 'safety valve' that gives 'the court discretion to deny awards where equitable considerations dictate an award should not be made.'" *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 303 (2d Cir. 2011) (quoting *Scarborough v. Principi*, 541 U.S. 401, 422-23 (2004)). A prevailing party may be denied attorney's fees under the EAJA for special circumstances "when his own misconduct created the circumstances that led to the litigation." *Id.* at 304 (citing *Oguachuba v. Immigration & Naturalization Serv.*, 706 F.2d 93, 94 (2d Cir. 1983)). In the context of Social Security appeals with a record development issue, "[b]ecause of the ALJ's duty to investigate, if counsel's entitlement to fees is questioned due to an undeveloped record, it must be clear that counsel bore primary responsibility for those deficiencies before the fee recovery is reduced." *Id.* at 305.

The Commissioner argues that a fee award would be unjust here because it was Plaintiff's counsel's responsibility to develop the record. ECF No. 16 at 10-14. The Commissioner notes that Plaintiff's counsel filed a prehearing brief wherein she indicated that "updated Spectrum records remain outstanding" that "would be relevant to [Plaintiff's] claim." *Id.* at 11 (citing Tr. 224). Thereafter, Plaintiff's counsel submitted numerous record from Spectrum. *Id.* (referring to Tr. 352-461). The Commissioner asserts that "when given the opportunity to address record

5

development issues at [Plaintiff's] hearing," counsel "confirmed to the ALJ that the record could be closed."[3] *Id.* (citing Tr. 61). The Commissioner also argues that counsel should have submitted the missing Spectrum records to the Appeals Council after the ALJ issued his unfavorable decision. *Id.* at 13-14.

As explained above, the Court remanded this case because the ALJ identified a gap in the record and, instead of resolving the issue, used that gap to discount a favorable opinion from NP Turk. The Court cannot find Plaintiff responsible for that error. Indeed, Plaintiff submitted records and opinions from Spectrum along with other evidence in support of her disability benefits claim. There is no evidence that counsel withheld records from Spectrum, failed to cooperate with the ALJ in obtaining such records, or recognized—as the ALJ did—that a more complete record was needed to credit NP Turk's opinion.

Additionally, counsel was not obligated to provide the missing Spectrum records to the Appeals Council because the regulations do not require a claimant to submit a brief or exhaust issues before the Appeals Council. *See Vincent*, 651 F.3d at 306 (citing *Sims v. Apfel*, 530 U.S. 103, 111 (2000)). Moreover, even though counsel did not supply the relevant records, he argued to the Appeals Council that the record supported NP Turk's opinion and that, "if the ALJ felt that the medical opinion was not based on the evidence in the file, he had a duty to re-contact [NP Turk] for clarification . . . which was not done" (Tr. 266-27)—*i.e.* counsel argued that the ALJ should have developed the gap in the record.

Because Plaintiff's counsel was not responsible for the gap in the record, the Court finds that there are no special circumstances that justify denying attorney's fees. *See, e.g.*, *Vincent*, 651

---

[3] This statement mischaracterizes the record. The ALJ stated: "[i]f there's nothing further, . . . we'll close the record and the hearing" and indicated that Plaintiff would get a decision in the mail, to which counsel responded: "Thank you, Judge." Tr. 61.

6

F.3d at 306 ("Where a plaintiff prevails in a Social Security appeal by winning remand to fill gaps in the record, 'special circumstances' do not justify a reduction in or denial of attorney's fees if plaintiff's counsel does not reasonably bear responsibility for the evidentiary deficit.").

For all the reasons stated, the Court finds that the government's position was not substantially justified and that no special circumstances exist. Accordingly, counsel is entitled to attorney's fees.

### C. Additional Fees

Plaintiff's counsel asserts that he should be awarded an additional $1,392.93[4] in attorney's fees for the seven hours he spent reviewing and replying to the Commissioner's opposition to his EAJA motion. ECF No. 17 at 9. Given counsel's success on the EAJA motion, the Court finds that he is entitled to this additional compensation. *See, e.g.*, *Pereia v. Astrue*, 739 F. Supp. 2d 267, 272 (E.D.N.Y. 2010) (finding that 6.2 hours spent on an EAJA reply brief was reasonable and awarding additional fees).

## CONCLUSION

Plaintiff's Motion for Attorney Fees (ECF No. 14) is GRANTED. Counsel is awarded $6,745.76 in attorney fees and $1,392.93 for the reply papers for a total of $8,138.69. The Commissioner shall promptly pay $8,138.69 to Plaintiff's counsel.

IT IS SO ORDERED.

Dated: October 31, 2018
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[4] This figure is based on an hourly rate of $198.99. There is no dispute as to the appropriate hourly rate in this case, which Plaintiff's counsel calculated pursuant to the EAJA after adjusting for inflation. ECF No. 14-1 at 4; ECF No. 17 at 9; *see* 28 U.S.C. § 2412(d)(2)(A).