UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JENNIFER MARGARET SHAFFER,

                              Plaintiff,         Case # 16-CV-874-FPG

v.                                                      DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

Jennifer Margaret Shaffer brought this appeal of the Social Security Administration's ("SSA") decision to deny her disability benefits. ECF No. 1. On December 7, 2017, the Court granted Plaintiff's motion for judgment on the pleadings and remanded the case for further proceedings. ECF No. 12. Thereafter, the Court awarded Plaintiff's attorney, Timothy Hiller, $8,138.69 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 18. However, Hiller avers that those funds were taken under the Treasury Offset Program and that he never received them. ECF No. 19-2 at 2-3.

On March 29, 2020, the SSA issued a Notice of Award granting Plaintiff disability benefits and withholding $10,864—25 percent of her past due benefits—to pay her attorney. ECF No. 19-1 at 2. On April 15, 2020, Plaintiff moved for $10,864 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 19.

For the reasons that follow, Plaintiff's motion is GRANTED, and Hiller is awarded $10,864 in fees.

The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess

>of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Within the 25% boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)).  The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25% statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable.  Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citation omitted).

The Court has reviewed each factor to assure that the requested fee is reasonable.  As an initial matter, the SSA awarded Plaintiff $43,456 in past due benefits and therefore counsel's request for $10,864 in fees does not exceed the statutory cap.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved, because Plaintiff obtained remand with non-boilerplate arguments, ECF Nos. 9, 12, which ultimately led to a favorable decision awarding her benefits.  As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past due benefits and the potential fee award.

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help them make this determination. *See Abbey*, 2019 WL 336572, at *2; *see also Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Here, Hiller spent 40.9 hours in connection with the appeal to this Court. ECF No. 18 at 1, 7. Dividing the $10,864 fee requested by 40.9 hours yields an hourly rate of $265.62. This Court has found substantially higher rates reasonable where, as here, counsel developed meritorious, non-boilerplate arguments on the claimant's behalf. *See McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019) (awarding fees with effective hourly rate of $1.051.64); *see also Torres v. Colvin*, No. 11-CV-5309, 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014) ("[A] substantial body of caselaw has awarded rates that approach, if they do not exceed, $1,000.00.").

The Commissioner argues that Plaintiff's fee agreement bars Hiller from obtaining fees under § 406(b) and § 406(a), and therefore that any fee award should be "contingent on counsel being limited to seeking a combined maximum of 25 percent of past-due benefits under both Sections 406(b) and 406(a)." ECF No. 22 at 5. But because Hiller represents that he does not intend to seek § 406(a) fees, such a condition is unnecessary. *See* ECF No. 23 at 1. Furthermore, to the extent the Commissioner argues that Hiller should be required to refund the EAJA fees to Plaintiff, the Court disagrees, as Hiller never received those fees. *See* ECF No. 22 at 5-6; *cf. Figard v. Comm'r of Soc. Sec.*, No. 09-CV-425, 2012 WL 1601300, at *2 (W.D. Mich. Mar. 12, 2012) ("Because plaintiff (rather than her counsel) received the benefit of the EAJA fee award [when the award was applied to a governmental debt], there is no reason to reduce counsel's § 406(b) fee by the amount of the EAJA fee.").

Accordingly, based on all of the above, the Court concludes that the requested fee award is reasonable.

## CONCLUSION

Plaintiff's motion for attorney's fees under § 406(b) (ECF No. 19) is GRANTED and Plaintiff is awarded $10,864 in fees. The Court directs the Commissioner to release those funds withheld from Plaintiff's benefits award.

IT IS SO ORDERED.

Dated: May 4, 2020
      Rochester, New York

                                      HON. FRANK P. GERACI, JR.
                                      Chief Judge
                                      United States District Court